14-1554
*Yung v. Trump*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand sixteen.

PRESENT:
        ROBERT A. KATZMANN,
            *Chief Judge*,
        JOSÉ A. CABRANES,
            *Circuit Judge*,
        LEWIS A. KAPLAN,
            *District Judge*.[*]

---

J. TAIKWOK YUNG,

        *Plaintiff-Counter-Defendant-Appellant*,

     v.                                                No. 14-1554

DONALD J. TRUMP,

        *Defendant-Counterclaimant-Appellee*.

---

For Plaintiff-Appellant:                             J. Taikwok Yung, *pro se*, Brooklyn, NY.

---

[*] The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellee:                          Matthew R. Maron, Esq., The Trump Organization, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Counter-Defendant-Appellant J. Taikwok Yung, proceeding *pro se*, appeals from the order of the United States District Court for the Eastern District of New York (Irizarry, *J.*), granting summary judgment in favor of Defendant-Counterclaimant-Appellee Donald J. Trump on Trump's counterclaim under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), and awarding Trump statutory damages. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, Yung's appeal is limited to the district court's summary judgment decision. He did not appeal the district court's post-judgment denial of reconsideration. *See* Fed. R. App. P. 4(a)(4)(B)(ii). He also challenges the statutory damages award only in his reply brief, so we decline to consider the issue. *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009).

We review *de novo* orders granting summary judgment, which shall be granted if the movant shows there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Miller v. Wolpoff & Abramson*, *L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We resolve all ambiguities and draw all inferences in favor of the nonmovant. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not

lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon review, we conclude that the district court properly granted summary judgment to Trump on his ACPA counterclaim, and we affirm for substantially the reasons stated by the district court in its thorough February 28, 2013 decision. In brief, there was no genuine dispute of material fact that (1) the "TRUMP" mark was distinctive at the time Yung acquired the infringing domain names, (2) those domain names were confusingly similar to the TRUMP mark, and (3) Yung had a bad-faith intent to profit from the TRUMP mark. *See* 15 U.S.C. § 1125(d)(1).

We have considered all of Yung's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



3